UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In re:

    Aftokinito Rally, Inc.                              Chapter 7
            Debtor                                    Case No. 17-10184-BAH

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Michael S. Askenaizer, Chapter 7 Trustee,
Plaintiff

vs.                                                                Adv. No. 18-01037-BAH

Patrick Devereaux and
Devereaux Consulting, LLC,
            Defendants

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### **DEFENDANTS' ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES**

NOW COME the Defendants, Patrick Devereaux and Devereaux Consulting, LLC, by and through their attorneys, Wadleigh, Starr & Peters, P.L.L.C., and answer the Complaint filed by Michael S. Askenaizer, Chapter 7 Trustee, as follows:

1. The Defendants admit the allegations contained in Paragraph 1.

2. The Defendants admit the allegations contained in Paragraph 2.

3. The Defendants admit the allegations contained in Paragraph 3.

4. The Defendants admit the allegations contained in Paragraph 4.

5. The Defendants admit the allegations contained in Paragraph 5.

6. The Defendants admit the allegations contained in Paragraph 6.

7. The Defendants admit the allegations contained in Paragraph 7.

8. Pursuant to Administrative Order 7012-1, the Defendants consent to the entry of final orders and/or judgments by this Bankruptcy Court.

1

9. The Defendants admit the allegations contained in Paragraph 9.

10. The Defendants admit the allegations contained in Paragraph 10.

11. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, and on that basis deny them.

12. The Defendants admit the allegations contained in Paragraph 12.

13. The Defendants admit the allegations contained in Paragraph 13.

14. The Defendants admit the allegations contained in Paragraph 14.

15. The Defendants admit the allegations contained in Paragraph 15.

16. The Defendants admit the allegations contained in Paragraph 16.

17. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17, and on that basis deny them.

18. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18, and on that basis deny them.

19. The Defendants admit the allegations contained in Paragraph 19.

20. The Defendants admit the allegations contained in Paragraph 20.

21. The Defendants admit the allegations contained in Paragraph 21.

22. The Defendants admit the allegations contained in Paragraph 22.

23. The Defendants admit the allegations contained in Paragraph 23.

24. The Defendants admit the allegations contained in Paragraph 24.

25. The Defendants deny the allegations contained in Paragraph 25.

26. The Defendants admit that they were given limited responsibility to maintain the books and records of Properties and Rally and deny that the responsibility to maintain the books and records was limited to their tax preparation responsibility.

27. The Defendants deny the allegations contained in Paragraph 27.

28. The Defendants admit that they were given limited responsibility to maintain the books of account of Properties and Rally and deny that the responsibility to maintain the books of account was limited to their tax preparation responsibility.

29. The Defendants admit that they were given limited responsibility to maintain the books of account of Properties and Rally and deny that the responsibility to maintain the books of account was limited to their tax preparation responsibility.

30. The Defendants admit that they were given limited responsibility to maintain the books of account of Properties and Rally and deny that the responsibility to maintain the books of account was limited to tax preparation responsibility.

31. The Defendants deny the allegations contained in Paragraph 31.

## COUNT I:
## BREACH OF DUTY
## FAILURE TO SEGREGATE

32. The Defendants re-allege their prior responses as if fully set forth herein.

33. The Defendants deny the allegations contained in Paragraph 33. By way of further answer, the Defendants state that they were never given the latitude or information necessary to implement and consistently operate an adequate financial record system.

34. The Defendants deny the allegations contained in Paragraph 34. By way of further answer, the Defendants state that they were never given the latitude or information necessary to implement such systems.

35. The Defendants deny the allegations contained in Paragraph 35. By way of further answer, the Defendants state that they were never allowed the latitude or information necessary to implement or operate such systems.

36. The Defendants deny the allegations contained in Paragraph 36. By way of further answer, the Defendants state that they were never allowed the latitude or information to do so.

37. The Defendants deny the allegations contained in Paragraph 37.

38. The Defendants deny the allegations contained in Paragraph 38.

39. The Defendants can make no sense of the allegations of Paragraph 39 and therefore deny them.

## COUNT II:
## BREACH OF DUTY
## FAILURE TO MAINTAIN ACCURATE BOOKS OF ACCOUNT

40. The Defendants re-allege their prior responses as if fully set forth herein.

41. The Defendants admit only that in late 2015 or early 2016 they were engaged to provide tax preparation services to Rally and Properties, but the Defendants deny the remaining allegations of Paragraph 41 for the reasons stated hereinabove.

42. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42, and on that basis deny them.

43. The Defendants admit only that they had a duty to exercise reasonable care in providing services and did so on the basis of the information made available to them. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 43, and on that basis deny the same.

44. The Defendants deny the allegations contained in Paragraph 44.

45. The Defendants deny the allegations contained in Paragraph 45.

46. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46, and on that basis deny them.

47. The Defendants deny the allegations contained in Paragraph 47.

48. The Defendants deny the allegations contained in Paragraph 48.

49. The Defendants deny the allegations contained in Paragraph 49.

50. The Defendants deny the allegations contained in Paragraph 50.

51. The Defendants deny the allegations contained in Paragraph 51.

52. The Defendants deny the allegations contained in Paragraph 52.

53. The Defendants deny the allegation that they failed in their duties. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 53, and on that basis deny the same.

54. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 concerning whether Mr. Condodemetraky took cash arising from the sale of vehicles that did not belong to the company and diverted it to his own personal expenses, and on that basis deny such allegations. The Defendants deny the remaining allegations contained in Paragraph 54.

55. The Defendants deny the allegations contained in Paragraph 55.

56. The Defendants deny the allegations contained in Paragraph 56.

57. The Defendants admit only that the Plaintiff previously asserted that Mr. Condodemetraky operated the Debtor as a Ponzi scheme. The Defendants deny the remaining allegations contained in Paragraph 57.

58. The Defendants deny the allegations contained in Paragraph 58.

59. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59, and on that basis deny them.

60. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60, and on that basis deny them.

61. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61, and on that basis deny them.

62. The Defendants deny the allegations contained in Paragraph 62.

63. The Defendants deny the allegations contained in Paragraph 63.

64. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64, and on that basis deny them.

65. The Defendants deny the allegations contained in Paragraph 65.

66. The Defendants deny the allegations contained in Paragraph 66.

67. The Defendants deny the allegations contained in Paragraph 67.

68. The Defendants deny the allegations contained in Paragraph 68.

## COUNT III
### Alternative
### NEGLIGENT BREACH OF FIDUCIARY DUTY
### Patrick Devereaux

69 [58].[1]  The Defendants re-allege their prior responses as if fully set forth herein.

70 [59].  The Defendants admit only that the Plaintiff previously raised a Ponzi scheme allegation.  The Defendants deny the remaining allegations contained in Paragraph 70 [59].

71 [60].  The Defendants admit only that Patrick Devereaux was an employee of the Debtor at one time.  The Defendants deny the remaining allegations contained in Paragraph 71 [60].

---

[1] The paragraph numbers in the section of the Complaint containing Count III are not sequential. To make them sequential, the Defendants have taken the liberty of changing the paragraph numbers and placing in brackets the paragraph numbers as stated in the Complaint.

6

72 [61].   The Defendants deny the allegations contained in Paragraph 72 [61].

73 [62].   The Defendants admit only that they had an obligation to perform their duties in good faith and in the exercise of reasonable care and did so.  The Defendants deny that Patrick Devereaux was ever an officer of the Debtor.  The Defendants deny any remaining allegations contained in Paragraph 73 [62].

74 [68].   The Defendants deny the allegations regarding their alleged failures and breaches and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and, therefore, deny them.

75 [69].   The Defendants deny the allegations contained in Paragraph 75 [69].

## **AFFIRMATIVE DEFENSES**

The Defendants hereby assert the following as affirmative defenses to the Complaint.  Defendants do not hereby assume the burden of proof on any matter upon which the Plaintiff bears the burden of proof under applicable law.  To the extent that any of the allegations in the affirmative defenses are inconsistent, they are asserted in the alternative.  The Defendants reserve the right to supplement, withdraw, or amend the following list of affirmative defenses as discovery progresses.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The allegations of the Complaint fail, in whole or in part, because the Debtor was not damaged by the conduct of the Defendants and/or the Defendants' conduct was not the direct, proximate and/or foreseeable cause of the Debtor's damages.

## THIRD AFFIRMATIVE DEFENSE

Recovery and the claims raised in the Complaint are barred, and the allegations in the Complaint fail, in whole or in part, because of the doctrines of waiver, estoppel, laches and/or unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

Recovery is barred under the doctrine of unjust enrichment.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that the claims raised in the Complain are barred, in whole or in part, by any applicable statute of limitations, they should be dismissed.

## SIXTH AFFIRMATIVE DEFENSE

The claims raised in the Complaint are barred or reduced, in whole or in part, because of the Debtor's own negligence, unreasonable reliance, breach of contract, failure to act, delay, fraud or other improper actions.

## SEVENTH AFFIRMATIVE DEFENSE

Any potential liability of the Defendants in this action is subject to the doctrines of setoff or recoupment.

## EIGHTH AFFIRMATIVE DEFENSE

As stated above, the Defendants reserve the right to assert additional affirmative defenses and to supplement or amend this list of affirmative defenses as discovery progresses.

WHEREFORE, the Defendants respectfully request that this Court:

    A.    Refuse to grant judgment in favor of the Plaintiff on any Count, and refuse to grant any relief to the Plaintiff;

    B.    Dismiss the Plaintiff's Complaint on its merits and with prejudice;

    C.    Award the Defendants attorney's fees and costs; and

    D.    Grant such other and further relief as is deemed just and proper.

Respectfully submitted,

PATRICK DEVEREAUX AND
DEVEREAUX CONSULTING, LLC

By their attorneys,

WADLEIGH, STARR & PETERS, PLLC

Dated:  August 10, 2018    /s/ James C. Wheat_____
James C. Wheat (BNH #05660)
Stephen Zaharias (BNH #07670)
95 Market Street
Manchester, NH, 03101
(603) 669-4140
jwheat@wadleighlaw.com

## CERTIFICATE OF SERVICE

    I hereby certify that on this 10th day of August 2018, I served the foregoing on each person/entity on the CM/ECF Electronic Service List by causing it to be filed electronically via the CM/ECF filing system.

/s/ James C. Wheat

G:\D54500\54913\Pleadings\Answer to complaint - draft 8.10.18.docx